FILED

AUG 2 0 2009


CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| EXPORTS, INC., a Minnesota Corporation, | ) ) ) | CIV. 07-5017-RHB |
| and | ) ) ) | |
| CHUBB CUSTOM INSURANCE COMPANY, as subrogee of EXPORTS, INC., a Delaware Corporation, | ) ) ) ) ) ) | ORDER DENYING SUMMARY JUDGMENT |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| BLACK HILLS POWER, INC., a South Dakota Corporation, | ) ) ) | |
| Defendant. | ) ) | |

Defendant has filed a motion for summary judgment. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 29, 2002, a wildfire ignited near Deadwood, South Dakota. Docket #40. This fire is commonly referred to as the "Grizzly Gulch Fire." Id. That same day, South Dakota Governor William Janklow ordered the city of Deadwood to be closed and

evacuated. Id. On July 3, 2002, Governor Janklow rescinded the evacuation order, and the city of Deadwood reopened. Id.

Plaintiff Exports, Inc. (Exports), is a Minnesota corporation that owns and operates casinos, restaurants, hotels, bars, and retail establishments in Deadwood. Id. Exports closed all of its facilities in Deadwood pursuant to Governor Janklow's evacuation order. Id. Exports reopened its businesses in Deadwood on July 3, 2002. Id.

Plaintiff Chubb Custom Insurance Company (Chubb) is a Delaware corporation duly registered and authorized to do business in South Dakota. Id. At all times relevant to this matter, Chubb provided property and business-interruption insurance coverage to Exports. Id.

Defendant Black Hills Power, Inc. (BHP), is a South Dakota corporation that provides electric energy and other services through transmission lines in western South Dakota and elsewhere. Id. BHP owns, maintains, and holds easements for electrical transmission lines near Deadwood. Id.

On March 8, 2007, plaintiffs filed this action in federal court, with jurisdiction premised on diversity of citizenship. Docket #1. Plaintiffs originally sought recovery on a negligence theory for damages related to business interruption and food spoilage. Id. Plaintiffs later amended their complaint to include causes of action for trespass and nuisance. Docket #8. Defendant filed a motion to dismiss. Docket #11. In an Order issued

2

on January 29, 2008, the Court[1] granted in part and denied in part defendant's motion. Docket #23. The Court dismissed plaintiffs' negligence and trespass claims. Id. The Court did not dismiss plaintiffs' nuisance claim. Id.

On January 14, 2009, plaintiffs filed a third amended complaint. Docket #40. The only cause of action asserted in plaintiffs' third amended complaint is nuisance. Id. Plaintiffs allege that BHP failed to properly and adequately inspect and maintain the electrical transmission lines and easements located in the vicinity of the origin of the Grizzly Gulch Fire. Id. Plaintiffs allege that BHP failed to properly trim the natural vegetation in close proximity to the transmission lines. Id. Plaintiffs allege that the Grizzly Gulch Fire was caused by contact between BHP's electric transmission lines and surrounding vegetation. Id. Plaintiffs ultimately allege that these acts or omissions on the part of BHP created a nuisance as defined by South Dakota Codified Laws section 21-10 *et seq.*, and that such nuisance was the direct and proximate cause of plaintiffs' damages.

Defendant has filed a motion for summary judgment on the basis that it is entitled to judgment as a matter of law. Docket #52. Specifically, defendant asserts that plaintiffs have no legal basis for a nuisance claim. Id.

---

[1] The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to a judgment as a matter of law." In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1355, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586-87, 106 S. Ct. at 1356.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Supreme Court has instructed that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed.

2d 265 (1986) (citations omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita, 475 U.S. at 586-87, 106 S. Ct. at 1356 (internal quotations and citation omitted).

The teaching of Matsushita was further articulated by the Supreme Court in Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 468, 112 S. Ct. 2072, 2083, 119 L. Ed. 2d 265 (1992), where the Court said, "Matsushita demands only that the nonmoving party's inferences be reasonable in order to reach the jury, a requirement that was not invented, but merely articulated, in that decision." The Court expounded on this notion by reiterating its conclusion in Anderson that "[s]ummary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Eastman Kodak, 504 U.S. at 468 n.14, 112 S. Ct. at 2083 n.14 (quoting Anderson, 477 U.S. at 248, 106 S. Ct. at 2510). To survive summary judgment the evidence must reasonably tend to prove the plaintiff's theory. Monsanto Co. v. Spray-Rite Servs. Corp., 465 U.S. 752, 768, 104 S. Ct. 1464, 1473, 29 L. Ed. 2d 775 (1984).

## DISCUSSION

South Dakota Codified Laws section 21-10-1 defines nuisance as follows:

> A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:
> (1)   Annoys, injures, or endangers the comfort, repose, health, or safety of others;
> (2)   Offends decency;
> (3)   Unlawfully interferes with, obstructs, or tends to obstruct or renders dangerous for passage, any . . . public park, square, street, or highway;
> (4)   In any way renders other persons insecure in life, or in the use of property.

The facts alleged in plaintiffs' complaint, when viewed in the light most favorable to plaintiffs, satisfy this definition.

There are two types of nuisance under South Dakota law, public nuisance and private nuisance. S.D.C.L. § 21-10-3. Section 21-10-3 defines public and private nuisances as follows:

> A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal. Every other nuisance is private.

The facts of this case indicate that the type of nuisance alleged by plaintiffs is a public one. There is no dispute on this point.

South Dakota Codified Laws section 21-10-5 allows for a civil action to be maintained as a remedy against any nuisance, and S.D.C.L. § 21-10-9 sets forth the

parameters under which a private person is entitled to maintain a civil action for public nuisance. Section 21-10-9 states, in pertinent part:

> The remedy by civil action against public nuisance may be maintained . . . by any private person if it is **specially injurious to himself**. Such remedy also may be used by any person whose property is injuriously affected or whose personal enjoyment is lessened by any nuisance public or private. In all such actions the nuisance may be enjoined, or ordered abated, and damages recovered in addition.

S.D.C.L. § 21-10-9 (emphasis added). Resolution of defendant's motion for summary judgment turns entirely on the Court's interpretation of S.D.C.L. § 21-10-9.

Defendant argues that an action for public nuisance is not available unless plaintiffs are able to demonstrate a special injury, different in form or in kind than that suffered by the community or neighborhood as a whole. S.D.C.L. § 21-10-3 (stating that a public nuisance is one that "affects at the same time an entire community or neighborhood, or any considerable number of persons"). In support of this argument defendant relies primarily upon secondary sources, such as the Restatement of Torts (Restatement) and Corpus Juris Secundum (CJS). Indeed, both the Restatement and CJS agree that "[t]he general rule is that a public nuisance does not furnish ground for an action either at law or in equity by an individual who merely suffers an injury which is common to the general public." 66 C.J.S. Nuisance § 65 (2008); Restatement (Second) of Torts § 821(C)(1) (1979). This notion is reflected in S.D.C.L. § 21-10-9, which provides that an action for public nuisance may be maintained by a private person "if it is specially injurious to himself."

7

Because the entire city of Deadwood was closed during the Grizzly Gulch Fire evacuation, defendant contends that plaintiffs are unable to demonstrate an injury that was in any way different than the injury suffered by the city as a whole, and all of its residents and businesses. Thus, according to defendant's argument, plaintiffs have no viable claim under a public nuisance theory, and summary judgment is appropriate.

The Court has no doubt that the rule with respect to public nuisance under S.D.C.L. § 21-10-9 requires the plaintiff in such a case to demonstrate that the nuisance was "specially injurious" to the plaintiff. However, the second sentence of § 21-10-9 provides that "[s]uch remedy [i.e., a civil action for public nuisance] also may be used by any person whose property is injuriously affected or whose personal enjoyment is lessened by any nuisance public or private." As such, sustaining a special injury due to a public nuisance is but one way in which a plaintiff may advance a civil action for damages under § 21-10-9. Another way expressly authorized by § 21-10-9 is for a "person"[2] to allege that his "property [was] injuriously affected" or his "personal enjoyment [was] lessened" because of a public nuisance. Plaintiffs have alleged that property was injuriously affected in this case – namely, food spoilage and physical damage to slot machines and a telephone system. Docket #40, #58-2. Plaintiffs also allege a deprivation of personal enjoyment. Docket #40.

---

[2] Corporations such as the plaintiffs in this case, Exports and Chubb, are considered to be "persons" under South Dakota Law. S.D.C.L. §§ 2-14-2 and 15-7-1; LaBore v. Muth, 473 N.W.2d 485, 490 n.2 (S.D. 1991) (Henderson, J., dissenting).

8

The cases cited by defendant do not constitute persuasive authority. Defendant cites cases from Iowa and Pennsylvania in support of the position that a cause of action for public nuisance is not available absent a showing of special injury. But neither Iowa nor Pennsylvania has a statutory scheme with respect to public nuisance that is identical to South Dakota's. Notably, defendant cites no South Dakota cases to support its position. Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment (Docket #52) is denied.

Dated this 20th day of August, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

9